### GOLDSTEIN *v.* STERN.

*(City Court of New York, General Term.* February 26, 1890.)

JUDGMENT—CORRECTION—CREDITING MONEY TENDERED.

Where plaintiff, on entering judgment, credits thereon the amount of an insufficient tender made before suit brought, and paid into court, he is properly allowed to correct the mistake, and enter judgment for the full amount, and then credit the sum tendered, so as to preserve his right to costs.

Action by Jacob Goldstein against Meyer Stern. Orders were made granting plaintiff leave to amend the judgment, and denying defendant's motion to vacate the amended judgment. Defendant appeals.

Argued before McADAM, C. J., and EHRLICH, J.

*S. F. Hyman,* for appellant. *M. E. Goodhart,* for respondent.

PER CURIAM. The rule in regard to the effect of a tender before suit brought, insufficient in amount, kept good by deposit in court, is to direct judgment for the whole amount of the claim, so as to preserve the plaintiff's right to costs, and to credit the deposit on account of the judgment after it is entered. *Dakin* v. *Dunning,* 7 Hill, 30; *Murphy* v. *Telegraph Co.,* 3 N. Y. Supp. 804. The plaintiff credited the amount paid into court on entering his judgment. This was error. The judgment should have followed the verdict. The court below allowed the plaintiff to correct the mistake, and conform the judgment to prescribed practice. The order so made was a proper exercise of judicial power, and the order denying the motion to vacate the judgment so corrected was right, and must be affirmed. The appellant cites sections 731 to 734 of the Code to sustain his position, but those sections refer to tender "after suit brought," and such a tender must include "costs of action" to the date of the tender. The tender relied on here was one "before suit brought;" and the payment into court was to keep it good. It was "without costs," and the rule applicable is that laid down in *Dakin* v. *Dunning,* and kindred cases, before referred to. Order affirmed, with costs.